# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

FRANKIE M.                                  )
       Plaintiff,                          )
                               )
       v.                                  )     CAUSE NO.: 1:20-CV-228-JVB
                               )
KILOLO KIJAKAZI, Acting Commissioner        )
of the Social Security Administration,      )
       Defendant.                          )

## OPINION AND ORDER

Plaintiff Frankie M. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for an award of benefits or, in the alternative, for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's May 30, 2017 application for benefits, he alleged that he became disabled on March 15, 2017. After a December 10, 2018 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of cervical degenerative disc disease with multiple level fusions and hardware removal, history of right elbow lateral epicondylitis, and history of right cubital tunnel syndrome. (AR 17). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had the residual functional capacity (RFC) to

> perform light work . . . except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, crawling, balancing, and stooping; frequent kneeling and crouching; frequent overhead reaching with the dominant upper extremity; frequent feeling with the bilateral upper extremities; must avoid unprotected heights, dangerous moving machinery, and commercial driving; could

> tolerate occasional exposure to extreme cold; frequent fingering and handling; frequent flexion, extension, and rotation of the neck.

(AR 20). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform his past relevant work but was able to perform the representative occupations of addresser, document preparer, and call out operator. (AR 25). Accordingly, the ALJ found Plaintiff to be not disabled from March 15, 2017, through May 16, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred (1) in step 5 by not having a solid basis for finding that a substantial number of jobs remain that Plaintiff can perform and (2) in determining Plaintiff's RFC.

### A. Substantial Number of Jobs

The ALJ received testimony from a vocational expert (VE) regarding the number of jobs available to an individual with the same RFC that the ALJ ultimately found Plaintiff to have. The VE testified that she used the Job Browser Pro SkillTRAN program to derive national numbers from job classifications from the Bureau of Labor Statistics' Occupational Employment Survey numbers. (AR 76-78). Per the VE's testimony, "the SkillTRAN program looks at what sort of industries that [Dictionary of Occupational Titles] code is likely to be employed in and then they look at the percentages of numbers being reported from those industries to extrapolate an estimated employment number." (AR 76). The VE did not know the mathematical formula used by SkillTRAN. (AR 77). The VE testified that the SkillTRAN program is accepted in the vocational expert community. (AR 78).

Plaintiff argues that there is no certainty that SkillTRAN's methodology is not the equal distribution method, which the Seventh Circuit Court of Appeals disapproved of in *Alaura v. Colvin*, 797 F.3d 503, 507-08 (7th Cir. 2015). Plaintiff further asserts that using SkillTRAN's unknown mathematical formula is "defective and arbitrary," mandating an award of benefits.

The Commissioner counters that "the agency's regulations do not mandate a precise count of job numbers" and the VE provided "evidence sufficient to provide some modicum of confidence in its reliability," which is all that is required to meet the substantial evidence standard. *Chavez v. Berryhill* 895 962, 967-68, 969 (7th Cir. 2018). The Commissioner identifies the unpublished case

3

of *Bruno v. Saul*, in which the Seventh Circuit Court of Appeals found that "[t]hough the VE's description [of the SkillTRAN program] did not reveal the precise mechanics and statistical model involved, it nevertheless constitutes a 'reasoned and principled explanation,' at least by the low substantial evidence standard." 817 F. App'x 238, 243 (7th Cir. 2020).

The Court finds, as the Commissioner argued, that substantial evidence supports the reliability of the job numbers to which the VE testified. The VE used the SkillTRAN program, which is accepted in the field, and the VE was able to descriptively, though not mathematically, explain how the program derived its estimates of job numbers. This is sufficient and provides no basis for remand. *See Bruno*, 817 F. App'x at 243.

## B. Residual Functional Capacity (RFC)

Plaintiff argues that his subjective symptoms and the medical opinion of Dr. Stephen Parker were not adequately analyzed, yielding an unsupported RFC. The Court agrees, as will be explained below in the context of the ALJ's failure to address the evidence in support of Plaintiff's allegations of headaches.

In the step 3 analysis, the ALJ noted that Plaintiff reported daily headaches after an October 2016 incident where a sledgehammer was dropped on his head and he lost consciousness. (AR 18). However, the ALJ identified that a CT scan was negative and found little evidence of complaints of or treatment for headaches in the record. (AR 18). The ALJ does not mention that Plaintiff complained of headaches on multiple occasions in 2016, including before the sledgehammer incident, where the medical records show "chronic intractable headache" as an active problem. (AR 312, 321, 326, 330).

Plaintiff also completed a headache questionnaire, reporting that he had not had a day without a headache in years. (AR 213). Plaintiff also stated that his headaches sometimes cause

4

nausea and vomiting, that light makes them worse, and that they are sometimes triggered by noise. (AR 213). On a day with a bad headache, Plaintiff is unable to get out of bead; on a day with a "small" headache, he attempts household chores such as dishes or laundry but has no strength. (AR 213). The ALJ summarized this questionnaire as "the claimant alleged 'daily, constant' headaches," (AR 18), and ultimately determined that headaches were not a severe impairment, (AR 17).

An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

In assessing Plaintiff's RFC, the ALJ reported Plaintiff's testimony that he cannot work due to headaches, the inability to sit or stand for long, and trouble looking up and down. (AR 21). The ALJ noted that Plaintiff's headaches did not have specific triggers and, according to Plaintiff, cause him to lie down approximately three times each week. (AR 21). The ALJ found that though Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms "are not entirely consistent with the medical evidence and other evidence in the

record for the reasons explained in this decision." (AR 21-22). However, the only discussion of medical evidence regarding Plaintiff's headaches is in the earlier step 3 section and ignores the medical records reporting the active problem of chronic intractable headache.

Dr. Stephen Parker examined Plaintiff on behalf of the Social Security Administration on August 5, 2017. (AR 380-89). The ALJ took issue with Dr. Parker's finding of reduced ranges in motion and found that "the other objective findings appear consistent with the overall evidence." (AR 23). The ALJ does not specifically address Dr. Parker's assessment of "persistent neck pain and headaches." (AR 389). The evaluation of medical opinions is governed by 20 C.F.R. § 404.1520c, which explains that ALJs must articulate how persuasive they find each medical opinion. If the finding regarding headaches is considered one of the "other objective findings," then it is unclear how the ALJ's RFC finding accommodates Plaintiff's headaches. If the headache finding is not considered one of the "other objective findings," then the ALJ failed to articulate how persuasive she considered Dr. Parker's opinion on this point. The Court is unable to follow the ALJ's reasoning regarding Dr. Parker's opinion of Plaintiff's headaches.

Plaintiff's sister, with whom Plaintiff lives, completed a third party function report in which she corroborates Plaintiff's allegations, noting Plaintiff's "constant headaches," (AR 231, 238), Plaintiff having "headaches and pain all the time," (AR 232), and "he's always in pain or having major headaches," (AR 235). The ALJ did not note any specific matter addressed in the sister's report and found this report "minimally persuasive" because the sister is not a medical source and is not a disinterested party capable of being fully objective. (AR 23). The ALJ further decided that the report is only minimally supported by objective evidence and is not consistent with the longitudinal record.

"An ALJ cannot rely only on the evidence that supports her opinion." *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013). The ALJ is not free to ignore an entire line of evidence that runs counter to her decision and cherry-pick only the evidence that supports it. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). The ALJ's decision runs counter to *Bates* and *Punzio*. The ALJ ignored the fact that the agency's own examiner believed Plaintiff's allegations of headaches. Such a physician is unlikely to overstate a claimant's symptoms out of sympathy. Plaintiff's sister, who lives with him, corroborated Plaintiff's allegations of headaches, and the ALJ did not even mention that the sister referred to Plaintiff's headaches and their effect on his functioning. Plaintiff did report headaches to medical professionals multiple times, and his answers to the headache questionnaire show intense symptoms and limitations cause by the headaches that the ALJ passes over without discussion.

In short, the Court is not assured that the ALJ considered the important evidence, and the Court is unable to afford meaningful review to the ALJ's decision to discount Plaintiff's allegations of his limitations due to headaches, the supporting evidence of which was largely ignored by the ALJ in her decision. The Court remands this matter on this basis.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief[1] requested in Plaintiff's Opening Brief [DE 21], **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings consistent with this Opinion and Order.

---

[1] Plaintiff's primary request for an award of benefits is only proper if "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

SO ORDERED on January 19, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT